```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/5/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                            :
UNITED STATES OF AMERICA,            :
                                            :
                       -v-                                 :           1: 16-cr-691-GHW
                                            :
DASHAWN HAWKINS,                       :                <u>ORDER</u>
                                              :
                         Defendant.        :
                                              :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

        On July 12, 2022 a motion by Defendant Dashawn Hawkins was filed in this case. Dkt. No. 118 (the "Motion"). The Motion, purportedly brought pursuant to 18 U.S.C. § 3572(d), asserts that the Bureau of Prisons (the "BOP") is committing "extortion" by requiring Mr. Hawkins to pay restitution, and threatening the loss of "various privileges," among other consequences, in the event that he failed to make restitution payments. Motion at 2.

        Like any submission from a *pro se* litigant, the Court construes the arguments presented in the Motion to "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). The Motion could be construed as an argument that at sentencing the Court violated the rule established in this Circuit by *U.S. v. Mortimer*, 94 F.3d 89, 91 (2d Cir. 1996), by delegating authority to the BOP to determine the amount of his restitution. In the Motion, Mr. Hawkins writes that the BOP "were not delegated the authority by the courts to collect special assessment fee, nor restitution from the Movant, while he is incarcerated, nor did it give the Bureau of Prisons authority to set a payment schedule requesting $25.00 dollars a quarter from him . . . ." Motion at 2.

        If this is Mr. Hawkins' contention, the Court notes that the factual basis for it in the Motion is scant. Mr. Hawkins does not mention the judgment entered by the Court at sentencing in his

case. The judgment contains express language regarding the timing and amount of payments by Mr. Dawkins while incarcerated. *See* Dkt. No. 53 at 7.

Because Mr. Hawkins filed the Motion after the Court ruled on his prior petition for *habeas corpus* relief under 28 U.S.C. § 2255, the Court would be required to submit the Motion to the Second Circuit for prior approval as a second and successive petition if it is intended as an attack on the Court's sentence. While Mr. Hawkins' motion could be construed as a § 2255 challenge, it may be that is not his intention. As a result, the Court will order Mr. Hawkins to inform the Court if he wishes for the Court to consider his motion to be a second and successive petition under 28 U.S.C. § 2255. If Mr. Hawkins does not so advise the Court, the Court will not take further action with respect to the Motion.

Mr. Hawkins' motion can alternatively be construed as a challenge to the means of the execution of his sentence by the BOP, rather than as a challenge to the sentence itself. To the extent that Mr. Hawkins is challenging the means by which BOP is executing his sentence, the application is properly brought under 28 U.S.C. § 2241, rather than 28 U.S.C. § 2255. Such an application would not properly be heard in this Court because Mr. Hawkins is not incarcerated in this judicial district. "[T]he default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Mr. Hawkins' Motion states that he is incarcerated in FCI Coleman in Coleman, Florida. Because this Court does not have jurisdiction to hear a petition under 28 U.S.C. § 2241, the Motion is denied without prejudice. Mr. Hawkins may seek relief against the proper respondent in the proper court.

In conclusion, to the extent that Mr. Hawkins is challenging the execution of his sentence under 28 U.S.C. § 2241, the application is denied without prejudice because this Court does not have jurisdiction to hear it. Mr. Hawkins may pursue any appropriate relief in the correct court. The

Court orders that Mr. Hawkins notify the Court if through his Motion he is challenging the sentence imposed by the Court—in other words, whether the Court should construe it as an application for *habeas* relief under 28 U.S.C. § 2255. If so, Mr. Hawkins must notify the Court of that fact no later than June 1, 2023. If the Court does not receive word from Mr. Hawkins by that date, it will understand that Mr. Hawkins does not wish for the Court to treat his motion as an application under 28 U.S.C. § 2255.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). Mr. Hawkins has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 118 and to mail a copy of the judgment at Dkt. No. 53 to Mr. Hawkins.

SO ORDERED.

Dated: April 5, 2023
New York, New York

GREGORY H. WOODS
United States District Judge