USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                 :

UNITED STATES OF AMERICA,        :

                        -v-                         :          1:16-cr-691-GHW

DASHAWN HAWKINS,              :          <u>ORDER</u>

                      Defendant.  :

-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

Defendant Dashawn Hawkins, a/k/a "Jhonny Cash," was a drug dealer and a career offender. He sold heroin laced with fentanyl to, among others, his victim—Colin Cameron, "a young man with struggles but with much promise, someone who, as we saw here, was blessed with the love and support of his family members and friends and the people who he worked to support." Dkt. No. 56 (sentencing transcript) ("Tr.") at 59:14–17. Mr. Cameron was killed by the drugs Mr. Hawkins sold to him. In a search of Mr. Hawkins' apartment, law enforcement found a large amount of cash, a stash of drugs—including heroin, fentanyl, cocaine, and methamphetamine—as well as a semi-automatic short-barreled rifle with a destroyed serial number, removable stock, and mock silencer. Tr. at 61:3–12.

Mr. Hawkins pleaded guilty pursuant to a plea agreement to a crime charging him with the distribution and possession with intent to distribute heroin and fentanyl, resulting in death. The Court sentenced Mr. Hawkins principally to 252 months imprisonment. Dkt. No. 53 (the "Judgment"). The Judgment contained an express provision regarding the payment of restitution by

Mr. Hawkins.[1]

Mr. Hawkins did not appeal his conviction and sentence. But he did file a *pro se* petition for habeas relief under 28 U.S.C. § 2255. Dkt. No. 77. After briefing, on August 6, 2021, the Court adopted a report and recommendation issued by Judge Sarah Cave and denied the petition for habeas relief. Dkt. No. 115. Mr. Hawkins appealed that decision. The Second Circuit dismissed the appeal effective January 31, 2021. The mandate issued on March 2, 2022. *Dashawn Hawkins v. United States of America*, Docket No. 21-2078 (2d Cir.), Document 28.

On July 12, 2022, a motion by Mr. Hawkins was docketed. Dkt. No. 118 (the "Motion"). The Motion principally raises concerns regarding requests by his counselor in the Bureau of Prisons (the "BOP") that he pay $100 a month toward his restitution obligations, rather than $25 a month. Motion at v. The Motion invokes *United States v. Miller*, 77 F.3d 71 (4th Cir. 1996), in support of an argument that "the fixing of restitution payments is a judicial act that may not be delegated." Motion at 1–2.

The Court responded to the Motion by order on April 5, 2023. Dkt. No. 119 (the "Response"). In its Response, the Court noted that the Motion could be construed liberally either as a motion with respect to the means of execution of his sentence—governed by 28 U.S.C. § 2241— given his complaints regarding the conduct of the BOP, or as a challenge to the sentence itself— governed by 28 U.S.C. § 2255—given his invocation of *Miller* and his arguments that the Court improperly delegated authority to the BOP. The Response noted that, if the latter, the factual basis seemed "scant" given the language contained in the Judgment.

---

[1] Judgment at 7 ("If the defendant is engaged in a BOP on-UNICOR work program, the defendant must pay $25 per quarter toward the criminal financial penalties. However, if the defendant participates in the BOP's UNICOR program as a grade 1 through 4, the defendant must pay 50% of their monthly UNICOR earnings toward the criminal financial penalties, consistent with BOP regulations at 28 C.F.R. § 545.11. The restitution must be paid in monthly installments of 15% of gross monthly income over a period of supervision to commence 30 days after the date of judgment or the release from custody . . . .").

2

The Response noted that if the Motion was construed as a petition under Section 2255, it would be a second, successive habeas petition that would need to be referred to the Second Circuit Court of Appeals. Response at 2. The Court asked Mr. Hawkins to inform the Court if the Motion should be construed as a second, successive petition under that statute by June 1, 2023. *Id.* at 3.

Mr. Hawkins' reply to the Court's order was docketed on April 25, 2023. Dkt. No. 120. In it, he confirms that, in his view, the Motion should be considered as an application challenging the Court's sentence under Section 2255 and, as a result, be referred to the Second Circuit. *Id.* ("This Court may consider this as a second and successive petition under 28 U.S.C. § 2255, and submit it to the Second Circuit Court of Appeals."). The Court does so in this order.

**II.    DISCUSSION**

Title 28, Section 2241 of the United States Code permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, the application of this provision is generally superseded by Section 2255, which provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. "[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001). In this case, Mr. Hawkins has expressly asserted that he is presenting a claim for relief under Section 2255.

Section 2255 contains several gatekeeping provisions, including strict requirements for bringing successive petitions. A second or successive motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence

3

that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h); *see also United States v. Krasniqi*, No. 1:10-CR-464-GHW, 2022 WL 2663826, at *5 (S.D.N.Y. July 8, 2022), *appeal dismissed*, No. 22-1958, 2023 WL 2360936 (2d Cir. Feb. 28, 2023).  Thus, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Mr. Hawkins' Motion provides no explanation why in his view these pre-conditions have been satisfied.  However, only the Court of Appeals, and not this Court, may evaluate whether this claim is properly certified for review.  Accordingly, in the interest of justice, the Clerk of Court shall transfer Petitioner's Motion, which he asserts to have been filed under Section 2255, to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.  *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (*per curiam*).

### III.     CONCLUSION

For the foregoing reasons, the Motion filed at Dkt. No. 118 in case number 1:16-cr-691-GHW is hereby transferred to the United States Court of Appeals for the Second Circuit.  If the Second Circuit authorizes Mr. Hawkins to proceed in the Section 2255 petition, he will be permitted to make filings in that docket number, and the Court anticipates that it will open a new civil action with respect to the petition.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  Because Mr. Hawkins' Motion makes no

substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to transfer this case to the Court of Appeals for the Second Circuit and to mail a copy of this order to Mr. Hawkins.

SO ORDERED.

Dated: June 22, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge