USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:  
UNITED STATES OF AMERICA, :
:
        -v- :    1:16-cr-691-GHW
:
DASHAWN HAWKINS, :    <u>ORDER</u>
:
        Defendant. :
:
-------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

**I.    BACKGROUND**

Defendant Dashawn Hawkins, a/k/a "Jhonny Cash," was a drug dealer and a career offender. He sold heroin laced with fentanyl to, among others, his victim—Colin Cameron, "a young man with struggles but with much promise, someone who, as we saw here, was blessed with the love and support of his family members and friends and the people who he worked to support." Dkt. No. 56 (sentencing transcript) ("Tr.") at 59:14–17. Mr. Cameron was killed by the drugs Mr. Hawkins sold to him. In a search of Mr. Hawkins' apartment, law enforcement found a large amount of cash, a stash of drugs—including heroin, fentanyl, cocaine, and methamphetamine—as well as a semi-automatic short-barreled rifle with a destroyed serial number, removable stock, and mock silencer. Tr. at 61:3–12.

Mr. Hawkins pleaded guilty pursuant to a plea agreement to a crime charging him with the distribution and possession with intent to distribute heroin and fentanyl, resulting in death. The Court sentenced Mr. Hawkins principally to 252 months imprisonment.

Mr. Hawkins did not appeal his conviction and sentence. But he did file a *pro se* petition for habeas relief under 28 U.S.C. § 2255. Dkt. No. 77. After briefing, on August 6, 2021, the Court adopted a report and recommendation issued by Judge Sarah Cave and denied the petition for

habeas relief. Dkt. No. 115. Mr. Hawkins appealed that decision. The Second Circuit dismissed the appeal effective January 31, 2021. The mandate issued on March 2, 2022. *Dashawn Hawkins v. United States of America*, Docket No. 21-2078 (2d Cir.), Document 28.

On June 21, 2024, a motion by Mr. Hawkins was docketed. Dkt. No. 125 (the "Motion"). The Motion was presented to the Court under Federal Rule of Civil Procedure 60(b). In it, Mr. Hawkins asks the Court to "reopen and reurge his original motion for post-conviction relief pursuant to 28 U.S.C. § 2255 . . . ." Motion at 1. The Motion attacks Mr. Hawkins' original conviction and sentence. In it, Mr. Hawkins seeks to "show that he is entitled to an evidentiary hearing based upon a showing, in this pleading that counsel's affidavit regarding his investigation of the cause of death was inadequate." *Id.* at 2. The Motion then reviews evidence that Mr. Hawkins views as relevant to the question of whether or not he was properly convicted of the underlying offense. Mr. Hawkins raises no issues in his Motion regarding his earlier habeas corpus filing.

**II.      DISCUSSION**

Mr. Hawkins' Rule 60(b) motion must be treated as a second or consecutive habeas petition. "[R]elief under Rule 60(b) is available with respect to a previous habeas proceeding only when the Rule 60(b) motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Mr. Hawkins' Motion clearly attacks the integrity of his underlying criminal conviction. "When faced with a Rule 60(b) motion making such a challenge, the district court may either treat it as a successive habeas petition or deny it as beyond the scope of the rule." *United States v. Christian Bros. Contracting Corp.*, 586 F. App'x 79, 80 (2d Cir. 2014) (summary order). Here the Court elects to treat the Motion as a successive habeas petition and to transfer it to the Second Circuit Court of Appeals for evaluation.

Title 28, Section 2255 of the United States Code contains several gatekeeping provisions, including strict requirements for bringing successive petitions. A second or successive motion must

be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  28 U.S.C. § 2255(h); *see also United States v. Krasniqi*, No. 1:10-CR-464-GHW, 2022 WL 2663826, at *5 (S.D.N.Y. July 8, 2022), *appeal dismissed*, No. 22-1958, 2023 WL 2360936 (2d Cir. Feb. 28, 2023). Thus, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Mr. Hawkins' Motion provides no explanation why in his view these pre-conditions have been satisfied.  However, only the Court of Appeals, and not this Court, may evaluate whether this claim is properly certified for review.  Accordingly, in the interest of justice, the Clerk of Court shall transfer Petitioner's Motion to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.  *See Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996) (*per curiam*).

### III.     CONCLUSION

For the foregoing reasons, the Motion filed at Dkt. No. 125 in case number 1:16-cr-691-GHW is hereby transferred to the United States Court of Appeals for the Second Circuit.  If the Second Circuit authorizes Mr. Hawkins to proceed in the Section 2255 petition, he will be permitted to make filings in that docket number, and the Court anticipates that it will open a new civil action with respect to the petition.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  Because Mr. Hawkins' Motion makes no

substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to transfer this case to the Court of Appeals for the Second Circuit, to terminate the motion pending at Dkt. No. 125 and to mail a copy of this order to Mr. Hawkins.

SO ORDERED.

Dated: June 22, 2024
New York, New York

GREGORY H. WOODS
United States District Judge