USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/21/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                  :
UNITED STATES OF AMERICA,            :
                                                  :
                      -v-                     :            1:16-cr-691-GHW
                                                  :
DASHAWN HAWKINS,                  :            <u>ORDER</u>
                                                  :
                    Defendant.     :
                                                  :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

Petitioner Dashawn Hawkins, a/k/a "Jhonny Cash," was a drug dealer and a career offender. He sold heroin laced with fentanyl to, among others, his victim—Colin Cameron, "a young man with struggles but with much promise, someone who, as we saw here, was blessed with the love and support of his family members and friends and the people who he worked to support." Dkt. No. 56 (sentencing transcript) ("Tr.") at 59:14–17. Mr. Cameron was killed by the drugs Mr. Hawkins sold to him. In a search of Mr. Hawkins' apartment, law enforcement found a large amount of cash, a stash of drugs—including heroin, fentanyl, cocaine, and methamphetamine—as well as a semi-automatic short-barreled rifle with a destroyed serial number, removable stock, and mock silencer. Tr. at 61:3–12.

Mr. Hawkins pleaded guilty pursuant to a plea agreement to a crime charging him with the distribution and possession with intent to distribute heroin and fentanyl, resulting in death. The Court sentenced Mr. Hawkins principally to 252 months imprisonment. Dkt. No. 53 (the "Judgment").

Mr. Hawkins did not appeal his conviction and sentence. But he did file a *pro se* petition for habeas relief under 28 U.S.C. § 2255. Dkt. No. 77. After briefing, on August 6, 2021, the Court

adopted a report and recommendation issued by Magistrate Judge Sarah Cave and denied the petition for habeas relief.  Dkt. No. 115.  Mr. Hawkins appealed that decision.  The Second Circuit dismissed the appeal effective January 31, 2021.  The mandate issued on March 2, 2022.  *Dashawn Hawkins v. United States of America*, 21-2078 (2d Cir.), Dkt. No. 28.

On July 12, 2022, a motion by Mr. Hawkins was docketed.  Dkt. No. 118 (the "First Successive Motion").  The Court requested Mr. Hawkins' view regarding whether that motion should be treated as an application under Section 2255.  On April 25, 2023, Mr. Hawkins confirmed that it should.  Dkt. No. 120 ("This Court may consider this as a second and successive petition under 28 U.S.C. § 2255, and submit it to the Second Circuit Court of Appeals.").  The Court referred the First Successive Motion to the Second Circuit.  On June 6, 2024, another motion by Mr. Hawkins was docketed.  Dkt. No. 125 (the "Second Successive Motion").  The Court determined that the Second Successive Motion, which was purportedly made pursuant to Rule 60(b)(6), "must be treated as a second or consecutive habeas petition."  Dkt. No. 127.  The Court referred the Second Successive Motion to the Second Circuit.

On August 13, 2024, the Second Circuit issued an Order informing Mr. Hawkins that he was "in default of filing the application."  24-1709 (2d Cir.), Dkt. No. 4.1.  The order stated that "the underlying petition may be subject to dismissal by September 3, 2024 if the application is not filed by that date."  *Id.*  The docket indicates that a supplemental submission was made by Mr. Hawkins, but that the Second Circuit filed a notice of defective filing with respect to it on September 6, 2024.  24-1709 (2d Cir.), Dkt. No. 6.1.

On September 27, 2024, Mr. Hawkins filed another motion purportedly pursuant to Rule 60(b).  1:19-cv-867, Dkt. No. 53 (the "Second Rule 60(b) Motion").  In that motion, Mr. Hawkins represented that in "August 2024, the Second Circuit declined to issue authorization to file a second successive motion."  *Id.* at 2.  Mr. Hawkins claims that the Court need not have submitted his

2

Second Successive Motion to the Second Circuit because the Court "had the authority to reopen the original post-conviction motion and hear his claim under the 'Ends of Justice Review' standard." *Id.* In support of his Second Rule 60(b) Motion, Mr. Hawkins argues that this Court "made a mistake by seeking authorization to entertain [his] motion to reopen under Rule 60(b) and address the successive claim(s) presented." *Id.* at 6.  On October 7, 2024, the Second Circuit issued an Order denying Mr. Hawkins' petition effective October 28, 2024, if he does not file his application by that date.  24-1709 (2d Cir.), Dkt. No. 8.1.

## II.  DISCUSSION

Federal Rule of Civil Procedure 60(b)(1) allows a court to relieve a party from an order because of, *inter alia*, a "mistake."  Fed. R. Civ. P. 60(b)(1).  A judge's error of law is a "mistake" under Rule 60(b)(1).  *Kemp v. United States*, 596 U.S. 528, 530 (2022).  Thus, Mr. Hawkins is entitled to raise a mistake of law challenge pursuant to Rule 60(b).[1]

The Court did not err when it transferred Mr. Hawkins' Second Successive Motion to the Second Circuit.  Section 2255 contains several gatekeeping provisions, including strict requirements for bringing successive petitions.  A second or successive habeas petition must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

---

[1] Although Mr. Hawkins' Second Successive Motion is still pending before the Second Circuit, the Court may consider Mr. Hawkins' Second Rule 60(b) Motion without first seeking authorization from the Second Circuit.  Unlike his Second Successive Motion, Mr. Hawkins' Second Rule 60(b) Motion challenges the Court's transfer of his Second Successive Motion rather than his conviction.  "A motion that . . . challenges only the District Court's failure to reach the merits does not warrant [treatment as a successive habeas petition], and can therefore be ruled upon by the District Court without precertification by the Court of Appeals pursuant to § 2244(b)(3)."  *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005).  The Second Circuit "allows a district court either to 'entertain and deny the rule 60(b) motion' without the circuit court's permission, or 'grant a rule 60(b) motion after an appeal is taken . . . if the moving party obtains permission from the circuit court.'"  *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002) (quoting *Toliver v. County of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992)).  Because the Court denies Mr. Hawkins' Second Rule 60(b) Motion, the Court need not seek authorization from the Second Circuit.

found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h); *see also United States v. Krasniqi*, No. 1:10-CR-464-GHW, 2022 WL 2663826, at *5 (S.D.N.Y. July 8, 2022), *appeal dismissed*, No. 22-1958, 2023 WL 2360936 (2d Cir. Feb. 28, 2023). Thus, "before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." *Gonzalez*, 545 U.S. at 530.

The certification requirement in 28 U.S.C. § 2244(b)(3)(A) is a jurisdictional requirement that a second or successive petition must meet. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that "under AEDPA, [the petitioner] was required to receive authorization from the Court of Appeals before filing his second challenge," and "[b]ecause he did not do so, the District Court was without jurisdiction to entertain it"). Since a district court has no jurisdiction to consider the merits of a successive habeas petition without authorization from a court of appeals, the Court did not make a mistake by seeking authorization prior to deciding Mr. Hawkins' Second Successive Motion.

Mr. Hawkins' assertion that the Court can review his motion based on "Ends of Justice Review" relies on caselaw that predates the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2244(b). AEDPA substantially limited the authority of district courts to review habeas corpus petitions. *Banister v. Davis*, 590 U.S. 504, 514 (2020) (internal citations omitted) ("Before AEDPA, 'abuse-of-the-writ principles limit[ed] a [habeas applicant's] ability to file repetitive petitions.' That doctrine was more forgiving than AEDPA's gatekeeping provision—for example, enabling courts to hear a second or successive petition if the 'ends of justice' warranted doing so."); *see also id.* at 515 ("AEDPA of course made the limits on entertaining second or successive habeas applications more stringent than before."). *See, e.g., United States v. Springer*, 875 F.3d 968, 982 (10th Cir. 2017) ("Both the authorization requirement under 28

U.S.C. § 2255(h) and the COA requirement under 28 U.S.C. § 2253 are jurisdictional prerequisites to the federal courts' exercise of subject matter jurisdiction."); *United States v. Arrington*, 763 F.3d 17, 23 (D.C. Cir. 2014) ("[A] movant who seeks to bring a second or successive § 2255 motion must obtain pre-filing authorization from a panel of the appropriate court of appeals." (internal quotation marks omitted)). Given the constraints imposed by AEDPA, Mr. Hawkins' Second Successive Motion was properly referred to the Second Circuit Court of Appeals. This referral was not a "mistake" under Rule 60(b)(1), and Mr. Hawkins' Second Rule 60(b) Motion is therefore without merit.

### III. CONCLUSION

For the foregoing reasons, the motion filed at Dkt. No. 53 in case number 1:19-cv-867-GHW is denied with prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Petitioner has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability with respect to this decision under 28 U.S.C. § 2253.

The Clerk of Court is directed (1) to mail a copy of this order to Mr. Hawkins, (2) to terminate the motion pending at Dkt. No. 53 in 1:19-cv-867-GHW, and (3) to file a duplicate of the filing at Dkt. No. 53 in 1:19-cv-867-GHW in the associated criminal docket, 1:16-cr-691. When docketed in the criminal docket, that document should not indicate that there is an open pending motion for resolution.

SO ORDERED.

Dated: October 21, 2024

_____
GREGORY H. WOODS
United States District Judge